UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| Amanda Burnham | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case Number: |
| | ) | 3:14-cv-87 |
| | ) | |
| Irving Materials, Inc. | ) | |
|     Defendants | ) | |

## COMPLAINT

Comes now the Plaintiff, Amanda Burnham ("Burnham"), by her counsel, James E. Stoltz, and files her Complaint against the Defendant, Irving Materials, Inc. ("IMI").

## INTRODUCTION

1. Burnham was subjected to sexual harassment and a hostile work environment while an employee of IMI. Her employment was terminated due to her sex and due to her complaint about the hostile work environment.

2. Burnham brings this action against IMI pursuant to Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. This court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2).

1

## FACTUAL AND LEGAL ALLEGATIONS

5. Burnham worked for IMI as a concrete truck driver from April 9, 2012 to May 4, 2012.

6. During her employment with IMI, she was the victim of sexual harassment from her supervisor "Eric" and other employees.

7. Eric regularly told Burnham she needed to "douche."

8. Eric and other employees frequently stated that women should not be driving concrete trucks.

9. Eric also frequently told Burnham he would "blow one" in her while giving work instruction.

10. Eric and other employees called Burnham a "dumb bitch" on several occasions.

11. On one occasion, Burnham was on the telephone with her husband while Eric was sexually harassing her. Burnham's husband heard the comments. Burnham complained to Eric, and he became very angry with her.

12. Other employees of IMI warned Burnham not to challenge Eric because of his abusive nature.

13. In May 2012, Eric told someone had reported Burnham was talking on my cell phone while driving, a violation of company policy. Burnham told Eric the allegation was false and offered to produce her cell phone record to prove the allegation was false.

14. A representative of the human relations department subsequently informed Burnham she was receiving a warning for the alleged cell phone use but her employment was being terminated due to providing false information during the application process.

15. Burnham had not provided false information to IMI during the application process.

16. Burnham was terminated because she was a woman and had complained to Eric about sexual harassment.

17. An executive of IMI contacted Burnham after her termination. He asked Burnham to described what happened with her employment and offered to re-hire her.

18. Burnham refused the offer due to the pervasive sexual harassment at the company.  Burnham did not want to subject herself to this treatment again.

19. Burnham suffered emotional distress due to the sexual harassment she suffered while at IMI.

20. Burnham also suffered lost wages due to her wrongful termination.

**WHEREFORE**, the Plaintiff, Amanda Burnham, respectfully requests this Court enter judgment against the Defendant, Irving Materials, Inc., for all damages due to her under applicable law, including, without limitation, lost wages, compensation for emotional distress, punitive

damages, attorneys' fees and costs, and for all other relief just and proper in the premises.

          Respectfully Submitted,


          /s/ James E. Stoltz
          James E. Stoltz
          Attorney Number 22693-82

**STOLTZ LAW OFFICE**
123 Northwest Fourth Street, Suite 210
Evansville, Indiana 47708
Telephone: 812.434.6718
Mobile Phone: 812.499.4997
Email: jstoltz@stoltzlawoffice.com
Counsel for the Plaintiff


## DEMAND FOR JURY TRIAL

  Comes now the Plaintiff, by counsel, and hereby demands jury trial on all issues.


          /s/ James E. Stoltz
          Counsel for the Plaintiff